# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 17, 2003

## TOMMY DICKERSON  v.  STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Franklin County
#### No. 11223-A     J. Curtis Smith, Judge

---

### No. M2002-1854-CCA-R3-PC Filed October 10, 2003

---

Appellant, Tommy Dickerson, appeals from the trial court's summary dismissal of Appellant's second petition for post-conviction relief. After a review of the record, the briefs of the parties, and the applicable law, we affirm the judgment of the trial court.

### Tenn. R. App. 3 Appeal as of Right; Judgment of the Trial Court Affirmed

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Tommy Dickerson, Nashville, Tennessee, *Pro se*.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; James Michael Taylor, District Attorney General; Steven Blount, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

From our review of Appellant's petition filed on May 8, 2002, the documents attached thereto, and the findings of the trial court in its order dismissing the petition, we glean the following history of Appellant's case. Appellant was originally indicted for first degree murder. Pursuant to a negotiated plea agreement, he pled guilty to second degree murder and received an agreed upon sentence of thirty years as a Range II offender, with the service of incarceration before parole controlled by Tennessee Code Annotated section 40-35-501(i) (service of not less than eighty-five percent (85%) of the sentence before eligible for release). Appellant pled guilty on July 8, 1998, and there was no direct appeal of Appellant's conviction and sentence. He filed a *pro se* petition for post-conviction relief on March 8, 1999. Counsel was appointed and an evidentiary hearing was held on August 18, 1999.

In his first petition for post-conviction relief, Appellant asserted that his conviction and sentence were void because the State had breached its agreement. Appellant argued that he should

have been sentenced to a 35% rather than an 85% release eligibility status.  He also alleged that he had received ineffective assistance of counsel.  Appellant further requested that the post-conviction court order the Tennessee Department of Correction to calculate his sentence with a 35% release eligibility.

On September 21, 1999, the trial court entered an order dismissing Appellant's petition for post-conviction relief.  No direct appeal was taken from this order.  In his second petition for post-conviction relief, which is the subject of this appeal, Appellant raised the following issues: (1) his sentence is illegal and void due to the erroneous release classification pursuant to Tenn. Code Ann. § 40-35-501(i); (2) the trial court erred by not ordering a mental evaluation of Appellant; (3) Appellant has "new evidence" that the medical examiner who performed the victim's autopsy is not credible; and (4) Appellant was denied effective assistance of counsel.

Since July 1, 1995, the statute of limitations for filing a petition for post-conviction relief has been one year from the date on which the judgment of conviction became final in cases where no appeal is taken.  Tenn. Code Ann. § 40-30-202(a) (1997).  Appellant's first petition for post-conviction relief was timely filed, but his second petition was filed almost four years after the judgment of conviction was filed.  Furthermore, Tenn. Code Ann. § 40-30-202(c) provides as follows:

> (c) This part contemplates the filing of only one (1) petition for post-conviction relief.  In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment.  If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed.  A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-217.

Tenn. Code Ann. § 40-30-202(c) (1997).

There are three statutory exceptions to the statute of limitations in post-conviction matters. *See* Tenn. Code Ann. § 40-30-202(b)(1), (2), and (3) (1997).  None of these exceptions are applicable in Appellant's case.  Furthermore, if the *application* of the post-conviction statute of limitations in a particular case prevents a petitioner from having a reasonable opportunity to present his or her claims in a meaningful time and manner, then there is a violation of the constitutional right to due process. *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992).  The only ground for relief in Appellant's second petition that would even arguably come within a "due process" claim would be the ground alleging "new evidence" attacking the credibility of the medical examiner who performed the autopsy on the victim in Appellant's murder case.  This "new evidence" is a petition filed by the Tennessee Department of Health before the Tennessee Board of Medical Examiners against the medical examiner.  By its very nature, this purported "new evidence" consists of only allegations, in an ongoing proceeding, and not evidence.  We conclude that Appellant's second petition for post-conviction relief was subject to summary dismissal both because it was an unauthorized second

petition for post-conviction relief and because it was barred by the statute of limitations.  Appellant is therefore not entitled to relief in this appeal.

## CONCLUSION

For the reasons stated above, the judgment of the post-conviction trial court is affirmed.


_____
JERRY L. SMITH, JUDGE